74 F.3d 1224
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Michael BARNETT, Defendant, Appellant.
 No. 95-1186.
 United States Court of Appeals, First Circuit.
 Jan. 25, 1996.
 
 Michael Barnett on brief pro se.
 Donald K. Stern, United States Attorney, and Michael D. Ricciuti, Assistant United States Attorney, on brief for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se defendant Michael Barnett appeals a district court order that summarily denied his motion for relief from his sentence under 28 U.S.C. Sec. 2255. Barnett was convicted of three offenses arising out of his participation in a conspiracy to manufacture methamphetamine. See United States v. Barnett, 989 F.2d 546 (1st Cir.), cert. denied, 114 S.Ct. 148 (1993). He was sentenced to a total of thirty years' imprisonment. Barnett's motion and supplemental filings alleged that his sentence was the result of an improper application of the Sentencing Guidelines. He also claimed that his sentence violated the Double Jeopardy Clause.
 
 
 2
 We have thoroughly reviewed the record and the parties' briefs on appeal. We conclude that Barnett's claims are wholly lacking in merit and that his motion was properly denied. Briefly, neither of Barnett's claims is cognizable under 28 U.S.C. Sec. 2255 unless Barnett shows "cause" to excuse his procedural default and prejudice resulting from the alleged errors, or that the failure to consider his claims will result in a fundamental miscarriage of justice. See Levasseur v. Pepe, 70 F.3d 187, 192 (1st Cir.1995)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Barnett has failed to make either showing. Barnett's claim that he did not possess the 50 kilogram container of pseudoephedrine as part of the conspiracy appears to be frivolous where Barnett admitted that he was the "chemist" for the conspiracy and his codefendant was recorded saying that he and his chemist had ingredients to make 40 pounds of methamphetamine. Even if the contention has some merit, it cannot be said to be so obvious or strong that counsel's failure to raise the point amounted to ineffective assistance. See Jones v. Barnes, 463 U.S. 745, 750-54 (1983)(counsel has no duty to raise every nonfrivolous issue requested by defendant). Barnett's Double Jeopardy claim is also meritless. As each of his counts of conviction required proof of an element that the others did not, his sentence does not violate the Double Jeopardy Clause under the familiar Blockburger test.
 
 
 3
 On appeal, Barnett argues that U.S.S.G. Sec. 2D1.11 (1994) requires that he be resentenced to a substantially lesser term. We have considered this argument, although it was not made below, because Sec. 2D1.11 was not retroactive when Barnett submitted his Sec. 2255 motion. We conclude that this guideline does not entitle Barnett to any relief from his sentence. To the contrary, Barnett would have been subject to the same offense level under Sec. 2D1.11, comment. n. 3. Accordingly, the judgment of the district court is affirmed.